IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

  vs.                                **Case No. 06-3001-RDR**
                                         04-40028-01

JULIUS SHANIER HAYES,

          Defendant.

## MEMORANDUM AND ORDER

    Defendant pleaded guilty to one count of possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(b)(1)(A). Prior to defendant's guilty plea, the government filed a sentencing information which stated that in 1999 defendant was sentenced upon a felony conviction of possession with intent to distribute cocaine base which took place in the District of Nebraska. The petition which accompanied the plea of guilty in this court and the plea agreement which defendant signed both state that defendant understood that he would face a mandatory minimum sentence of 20 years if he pleaded guilty to the crime charged. The plea agreement also states that defendant agreed that he had the prior conviction described in the sentencing information and that police officers found more than 50 grams of cocaine base, which defendant admitted was his, in a residence belonging to defendant and his girlfriend. As part of the plea agreement, defendant also waived his right to appeal or to bring a collateral attack under § 2255.

The court sentenced defendant to 20 years in prison on December 23, 2004.  This sentence was required by the provisions of 21 U.S.C. § 841(b)(1)(A).  Defendant did not appeal his conviction or sentence.

This case is now before the court upon defendant's motion to vacate sentence under 28 U.S.C. § 2255.  As stated, defendant waived his right to bring a § 2255 motion as part of his plea agreement.  His motion does not mention any grounds for ignoring that waiver.

Even if defendant had not waived his right to bring this motion, the motion must be denied.  The motion contends that defendant's conviction and sentence must be overturned because defendant did not admit the facts used to increase his punishment and these facts were not proven to a jury.  The record demonstrates otherwise.  The plea agreement shows that defendant admitted to a prior felony drug conviction and that he admitted to possession of more than 50 grams of cocaine base with intent to distribute.  Therefore, the sentence in this case, as defendant was aware at the time of his plea, could not have been less than 20 years.

Defendant's motion to vacate is hereby denied.

**IT IS SO ORDERED.**

Dated this 17th day of January, 2006 at Topeka, Kansas.

                                       s/Richard D. Rogers
                                       United States District Judge